MERRIMAN *v.* WESTLAWN CEMETERY ASS'N.

1. EXECUTORS AND ADMINISTRATORS—DISCHARGE OF MORTGAGES.
   An administrator of the estate of a deceased person has the legal right to discharge a mortgage in favor of the deceased.

2. EQUITY—ESTOPPEL—DELAY—MORTGAGES—DISCHARGE.
   In suit by heirs and grantees of former owners of lands to enjoin defendant cemetery association from selling them and to decree plaintiffs owners thereof by virtue of a sheriff's deed at sale under foreclosure by advertisement, plaintiffs *held,* estopped from equitable relief by inaction and long delay where it appears mortgage under which they claim had been legally discharged over 14 years previously by mortgagees or their legal representatives incident to settlement of suit brought to set it aside, court files had been lost, parties with knowledge of the facts are dead, defendant had made permanent improvements and expended large sums for labor, burials were being made after lots therein had been sold, no claim had been made in two probate proceedings involving estate of a mortgagee that further money was due under the mortgage and fraud was not claimed or shown (3 Comp. Laws 1929, §§ 13964, 13965).

3. SAME—LIMITATION OF ACTIONS.
   The statute of limitations applies in equity only by analogy (3 Comp. Laws 1929, §§ 13964, 13965).

Appeal from Wayne; Crampton (Louis C.), J., presiding. Submitted October 8, 1942. (Docket No. 61, Calendar No. 41,862.) Decided December 23, 1942.

Bill by Laurence G. Merriman, Grace Merriman, and Ruth I. Schenk against Westlawn Cemetery Association, a corporation, for an accounting, an injunction, and other relief.

*Charles A. Lorenzo* and *Walter L. Buhl,* for plaintiffs.

*Tinkham & Snyder,* for defendant.

BOYLES, J.   Plaintiffs appeal from dismissal of their bill of complaint filed to enjoin the defendant cemetery association from selling any part of certain lands in Wayne county and to decree plaintiffs the owners thereof.   The record before us fairly establishes the factual situation as follows:

Plaintiffs are the sole heirs-at-law of one Zachary Merriman who died intestate in 1923.   Prior to September 20, 1916, Zachary Merriman was the owner in fee of a three-fourths interest in the lands in question, the other one-fourth interest being owned by Adaline Merriman, the widow of his deceased brother.   On September 20, 1916, the Merrimans conveyed the same by warranty deed to one Welch, which deed was recorded November 28, 1916. By a deed executed September 27, 1916, and recorded November 29, 1916, Welch conveyed the lands to one Shaw.   On November 28, 1916, Shaw executed and delivered a mortgage for $18,000 on said lands to Zachary and Adaline Merriman, which was recorded on November 28, 1916, on the same day that the deed from the Merrimans to Welch was recorded, and one day before the recording of the deed from Welch to Shaw.   In the meantime, articles of association had been filed for the Clearview Cemetery Association, and on November 28, 1916, Shaw deeded the property to the Clearview Cemetery Association, subject to the Merriman mortgage, the deed being recorded on November 29th.   The mortgage came into default, was foreclosed by the Merrimans, and on April 10, 1920, said lands were

conveyed to the Merrimans by sheriff's deed under foreclosure sale. On April 8, 1921, before the time for redemption had expired, the Clearview Cemetery Association, by receiver, filed a bill in chancery against the Merrimans in Wayne circuit court to set aside the foreclosure sale on the ground that the mortgage on cemetery property was illegal. The files in this suit have been lost, but it is undisputed that it did not proceed to decree, and the calendar entries indicate that it was dismissed on November 16, 1925, for no progress. In the meantime, on October 1, 1921, the receiver for the Clearview Cemetery Association conveyed the lands to one Orvis, who in turn on February 21, 1922, conveyed the same to the defendant herein, Westlawn Cemetery Association. Continuously since that time defendant Westlawn Cemetery Association has been in possession of the property, has expended approximately $4,500 in permanent improvements, about $8,000 in labor, and sold about 600 burial lots. Burials were being made at the time of the trial of the cause in 1940.

Zachary Merriman died intestate in 1923, his estate was probated and the Union Trust Company appointed administrator. The lands in question were inventoried as part of his estate and in 1923 the administrator filed a first account, stating that a suit was pending against the estate to set aside the mortgage under which the estate claimed a sheriff's deed to the land. Subsequently and at some time during the administration, about 1924 or 1925, the Wayne county road commission purchased a part of the lands in question, and other land, paying therefor between $13,000 and $14,000, and out of this sum the Union Trust Company, representing the Merriman estate as administrator, was paid $6,500. On December 12, 1925, the administrator discharged the mortgage, an act which an administrator has the legal

right to perform. Adaline Merriman joined in the discharge. One-fourth of this $6,500 was paid to Adaline Merriman as she executed a conveyance of her interest in the property. In April, 1926, the Union Trust Company filed its final account as administrator, containing an item of $4,153.85, referred to as "avails of redemption of real estate from mortgage sale of private agreement in settlement of certain Westlawn Cemetery Association v. Zachary Merriman et al., estate's ⁹⁄₁₃'s interest." This account was duly allowed by the probate court without objection by plaintiffs and plaintiffs herein each receipted for their share of the residue, including the above sum shown to be in settlement of the Westlawn controversy. The administrator was thereupon discharged, in 1926. The litigation between the cemetery association and the Merrimans was dismissed for no progress. Since that time, for more than 14 years, Westlawn Cemetery Association has been in possession of the lands and improved them, without the title being questioned.

The circuit judge concluded that if plaintiffs as heirs-at-law of Zachary Merriman ever had any right or interest in the lands in question, it was settled about 1925 when the above transactions took place. With this conclusion, we concur. Plaintiffs have failed to prove any right to relief in equity. There is no satisfactory proof that plaintiffs ever made any further definite claim to an interest in the mortgage, and certainly no such claim to ownership of the lands, as is now advanced. Sometime between 1925 and 1931, it appears that Westlawn Cemetery Association paid into the Wayne Savings Bank $487, the purpose of the paying not being satisfactorily explained, but assumed to be "to apply on the mortgage." If, as plaintiffs now claim, they own the lands by virtue of the sheriff's deed and the dismissal of the suit, there was no mortgage on which

payment might be made. In any event, the mortgage itself had been legally discharged. Wayne Savings Bank apparently refused to pay over the $487 except to a representative of the Zachary Merriman estate. Thereupon, in 1931, plaintiff Laurence D. Merriman had himself appointed by the probate court as administrator *de bonis non*, received the $487, and made proper distribution of the same. In this administration, plaintiff Laurence D. Merriman made no claim that further money was due the estate on the mortgage. Plaintiffs now claim that there was an understanding that Westlawn Cemetery Association would pay the balance of the mortgage debt. The claim is refuted by the action of the parties; no such claim was made in either of the probate court proceedings.

By the instant suit in chancery, plaintiffs seek to reopen transactions which have been completed more than 15 years, and concerning which plaintiffs have made no claim of right for at least since 1931, and possibly since 1927. Plaintiffs' recollection of the matter is vague. At the outset, the bill was filed on the theory that plaintiffs had title to the lands by virtue of the sheriff's deed. During the trial, plaintiffs apparently sought to show that they still had a substantial sum of money coming to them from Westlawn Cemetery Association by virtue of the mortgage. Plaintiffs also claimed at the trial they were entitled to Adaline Merriman's one-fourth share of the lands, and for that purpose had recently obtained a quitclaim deed from the sole heir-at-law of Adaline Merriman, deceased. Plaintiffs did not know or ascertain, until the trial was in progress, that Adaline Merriman had not only joined in discharging the mortgage, but also had conveyed whatever interest she might have had in the lands. During the lapse of time, court files have

been lost, the parties who had knowledge of the facts are deceased, plaintiffs' recollection of what occurred is vague, no fraud is claimed or shown. While the statute of limitations (3 Comp. Laws 1929, §§ 13964, 13965 [Stat. Ann. §§ 27.593, 27.594]) applies in equity only by analogy, plaintiffs' inaction and delay for 14 years or more before asserting their claimed rights estops them from equitable relief.

Decree affirmed, with costs to appellee.

CHANDLER, C. J., and NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.